

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

**JOHN BEN SHEPPERD**
ATTORNEY GENERAL

July 10, 1953

Hon. C. H. Cavness                Opinion No. S-67
State Auditor
State Capitol                     Re: The legality of counting,
Austin, Texas                         for public junior college
                                      apportionment purposes,
                                      semester hours taken by
                                      non-resident military per-
                                      sonnel enrolled in the col-
                                      leges at resident tuition
                                      rate, part of their tuition
                                      being paid by the U.S. govern-
Dear Sir:                             ment.

     You have asked for the opinion of this office concerning the legality of counting, for public junior college apportionment purposes, semester hours taken by non-resident military personnel enrolled in the colleges at resident tuition rates, part of their tuition being paid by the U. S. Government.

     You state in your letter that certain of the Public Junior Colleges have in effect contracts with the United States Armed Forces whereby a portion of the tuition required is paid by the military undergraduate student and the remainder is paid by the Government.

     Article IV, Chapter 81, Acts of the 53rd Legislature, 1953 (commonly called the 1953 Apporpriation Act) reads in part, at page 306 et seq.:

     "Sec. 3. It is further provided that to be eligible for and to receive a proportionate share of this appropriation, a Public Junior College shall:

     "(a) Prior to November 1st of each year, collect in full as tuition from each enrolled student. . . the amounts set as such by the respective governing boards. . . provided

further that valid contracts with the United
States Government for instruction of under-
graduate military personnel may be consi-
dered as collections subject to adjustment
after final payments thereof.

"Sec. 4. (b) . *. * Semester hours to be
counted for each Public Junior College shall
not include . . . those hours being carried
by any student receiving the benefits of
U. S. Public Laws Nos. 346 or 16, 78th Con-
gress. . ."

It is evident that students in the military
service may have their hours counted in determining the
amount of aid the public junior college is to receive
from the State. Section 3 (a), supra, expressly includes
government military contracts and the students covered
thereby. The 1951 Appropriation Act (Chapter 499, Acts
of the 52nd Legislature, 1951, page 1228) excluded from
the semester hours count "any student whose tuition and
fee expenses are paid by the United States Government."
Att'y Gen. Op. S-17 (1953). The 1953 Appropriation Act
is worded differently, excluding only the semester hours
"carried by any student receiving the benefit of U. S.
Public Laws Nos. 346 or 16, 78th Congress."

House Bill No. 437, Acts of the 53rd Legislature,
1953, amends Subsection 6 of Section 1 of Article 2654c,
Vernon's Civil Statutes, so as to permit all members of
the Armed Forces stationed in Texas to attend state insti-
tutions of higher learning by paying regular resident
tuition charges. Section 3 of House Bill 437 reads:

"Provided that the terms of this Act
shall not be applicable to students, their
husbands or wives as the case may be, who
are in attendance at institutions of higher
learning under contractual arrangements
between said institutions and the Armed
Forces of the United States, as described
in Section 6 hereof, whereby the student's
tuition is paid by the said Armed Forces."
(Emphasis added)

Consequently, a non-resident military student whose tuition is paid in part under contract between the United States Armed Forces and a public junior college is obligated to pay the non-resident tuition charges specified in Subsection 2 of Section 1 of Article 2654c, Vernon's Civil Statutes.

## SUMMARY

In determining the apportionment to which it is entitled a public junior college may count the semester hours carried by a military undergraduate, except those receiving benefits under U. S. Public Laws Nos. 346 or 16, 78th Congress.

A military undergraduate who is a non-resident of the State of Texas must pay non-resident tuition if his tuition is paid in part by the United States Armed Forces pursuant to a contract with the institution.

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Willis E. Gresham
Reviewer

Burnell Waldrep
Executive Assistant

John Ben Shepperd
Attorney General

BEL:am

By Billy E. Lee
Billy E. Lee
Assistant